1

2

3                           **NOT FOR CITATION**

4               IN THE UNITED STATES DISTRICT COURT

5             FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    GEORGE R. CHANDLER, JR.,              )        No. C 05-2736 PJH (PR)
                                           )
8                       Petitioner,        )        ORDER OF DISMISSAL
                                           )
9      vs.                                 )
                                           )
10   DIRECTOR OF CORRECTIONS,              )
                                           )
11                      Respondent.        )
                                           )
                                           )
12

13          This is a habeas case brought pro se by a state prisoner.  The conviction for

14   robbery that petitioner seeks to challenge occurred in 1987 in Alameda County.

15   Petitioner was sentenced to two years of incarceration.

16          In 1999 petitioner was convicted of several counts of rape in Monterey County;

17   his sentence there was enhanced because of the 1987 conviction.  He has filed a

18   separate habeas petition directed to the 1999 conviction, case number C 05-2735 PJH

19   (PR).  He does not raise there any claims regarding the 1987 conviction.

20          Habeas petitioners must be "in custody" at the time their petitions are filed.  28

21   U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

22   Petitioner's two-year sentence for the 1987 conviction has long since expired, so he

23   was not in custody serving that sentence when he filed this petition.  That otherwise-fatal

24   defect could be avoided by construing this petition as going to the 1999 conviction.

25   See Lackawanna County District Aty. v. Coss, 532 U.S. 394, 401-02 (2001) ("in

26   custody" requirement is satisfied when habeas petition challenging expired sentence is

27   construed as directed to current sentence as enhanced by prior conviction).  However,

28   because petitioner already has a petition going to the 1999 conviction, there is no need

1 to do so.  This petition will be dismissed without prejudice to petitioner attempting to

2 amend C 05-2735 PJH (PR) to assert his claims relating to the 1987 conviction.

3      In deciding whether to attempt to amend C 05-2735 PJH (PR) to add the 1987

4 claims, petitioner should note that the Supreme Court has held that such claims are

5 indeed barred, though for reasons of finality and ease of administration rather than lack

6 of custody.  Id. at 402-04.  There is an exception to the rule for claims that the conviction

7 was obtained without counsel, in violation of Gideon v. Wainwright, 372 U.S. 335

8 (1963), Lackawanna, 503 U.S. at 404, but because it is clear from petitioner's

9 allegations that he had counsel, this exception does not apply to him.

10      The Supreme Court in Lackawanna found it unnecessary to decide whether the

11 bar could be avoided by a showing that a petitioner was prevented from litigating the

12 claim earlier by, for instance, the refusal of a state court to consider his claims or

13 because he only discovered compelling evidence of actual innocence after the time for

14 collateral review had passed.  Id. at 405-06.  That is, it is possible that under those

15 circumstances a claim going to an expired conviction and sentence could be

16 entertained.  Amending will be futile unless petitioner is able to establish that this

17 exception applies to him.

18 **CONCLUSION**

19      This case is DISMISSED without prejudice to petitioner attempting to add these

20 claims to C 05-2735 PJH (PR).

21 SO ORDERED.

22

23 DATED:  July 11, 2005.

24
                                                       _____

25                                                PHYLLIS J. HAMILTON
                                     United States District Judge

G:\PRO-SE\PJH\HC.05\CHANDLER736.DSM

26

27

28