**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE R. CHANDLER, JR., | ) | No. C 05-2736 PJH (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| DIRECTOR OF CORRECTIONS, | ) | |
| Respondent. | ) | |

This is a habeas case brought pro se by a state prisoner. The conviction for robbery that petitioner seeks to challenge occurred in 1987 in Alameda County. Petitioner was sentenced to two years of incarceration.

In 1999 petitioner was convicted of several counts of rape in Monterey County; his sentence there was enhanced because of the 1987 conviction. He has filed a separate habeas petition directed to the 1999 conviction, case number C 05-2735 PJH (PR). He does not raise there any claims regarding the 1987 conviction.

Habeas petitioners must be "in custody" at the time their petitions are filed. 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Petitioner's two-year sentence for the 1987 conviction has long since expired, so he was not in custody serving that sentence when he filed this petition. That otherwise-fatal defect could be avoided by construing this petition as going to the 1999 conviction. See Lackawanna County District Aty. v. Coss, 532 U.S. 394, 401-02 (2001) ("in custody" requirement is satisfied when habeas petition challenging expired sentence is construed as directed to current sentence as enhanced by prior conviction). However, because petitioner already has a petition going to the 1999 conviction, there is no need

to do so. This petition will be dismissed without prejudice to petitioner attempting to amend C 05-2735 PJH (PR) to assert his claims relating to the 1987 conviction.

In deciding whether to attempt to amend C 05-2735 PJH (PR) to add the 1987 claims, petitioner should note that the Supreme Court has held that such claims are indeed barred, though for reasons of finality and ease of administration rather than lack of custody. Id. at 402-04. There is an exception to the rule for claims that the conviction was obtained without counsel, in violation of Gideon v. Wainwright, 372 U.S. 335 (1963), Lackawanna, 503 U.S. at 404, but because it is clear from petitioner's allegations that he had counsel, this exception does not apply to him.

The Supreme Court in Lackawanna found it unnecessary to decide whether the bar could be avoided by a showing that a petitioner was prevented from litigating the claim earlier by, for instance, the refusal of a state court to consider his claims or because he only discovered compelling evidence of actual innocence after the time for collateral review had passed. Id. at 405-06. That is, it is possible that under those circumstances a claim going to an expired conviction and sentence could be entertained. Amending will be futile unless petitioner is able to establish that this exception applies to him.

**CONCLUSION**

This case is DISMISSED without prejudice to petitioner attempting to add these claims to C 05-2735 PJH (PR).

SO ORDERED.

DATED: July 11, 2005.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\CHANDLER736.DSM